IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIRSCH RESEARCH AND DEVELOPMENT, LLC | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 3:20-CV-1028-K |
| GAF MATERIALS LLC, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant GAF Materials LLC's Motion to Stay and Transfer to the District of New Jersey (Doc. No. 28). After careful consideration of the motion, the responsive briefing, and the applicable law, the Court **GRANTS** the Motion to Transfer to the District of New Jersey. The Court defers to the transferee court to rule on the Motion to Stay and other pending motions.

**I.    Factual and Procedural Background**

Plaintiff Kirsch Research and Development, LLC ("Kirsch"), manufacturer and seller of patented roof underlayment products, sued Defendant GAF Materials LLC ("GAF") for infringement on two roofing-underlayment patents: U.S. Patent No. 8,765,251 (the "'251 Patent"), which is subject to a co-pending proceeding before the International Trade Commission ("ITC"), and expired U.S. Patent No. 6,308,482 (the "'482 Patent"), which allegedly covers overlapping subject matter as the '251 Patent (collectively, the "Asserted Patents"). Plaintiff Kirsch contends that Defendant GAF's

1

"Feltbuster line of synthetic underlayment products" (the "Accused Products") infringes on the Asserted Patents. Defendant GAF subsequently filed the instant motion.

II.     Analysis

Defendant GAF argues that, for the convenience of the parties and witnesses and in the interest of justice, this Court should transfer this case to the United States District Court for the District of New Jersey. Plaintiff Kirsch argues that the Northern District of Texas is a proper venue for this case and the District of New Jersey is no more convenient than this District. Under 28 U.S.C. § 1404(a), a court may transfer a case upon a showing that the proposed transferee court is more convenient, and that such a transfer is in the interest of justice. *In re Radmax, Ltd.,* 720 F.3d 285, 287–88 (5th Cir. 2013).

A.      **Applicable Legal Standard**

Section 1404(a) provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion to transfer venue may be granted upon a showing that the transferee venue is clearly more convenient than the venue chosen by the plaintiff. *In re Nintendo Co.,* 589 F.3d 1194, 1197 (Fed. Cir. 2009); *In re Genentech, Inc.,* 566 F.3d 1338, 1342 (Fed. Cir. 2009); *In re TS Tech USA Corp.,* 551 F.3d 1315, 1319 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc. (Volkswagen II),* 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert.*

*denied,* 555 U.S. 1172 (2009). The plaintiff's choice of venue is not a factor in this analysis, but it does contribute to the defendant's burden in proving that the transferee venue is clearly more convenient than the transferor venue. *Volkswagen II*, 545 F.3d at 314–15.

The initial question in applying section 1404(a) is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG (Volkswagen I)*, 371 F.3d 201, 203 (5th Cir. 2004). If the potential transferee district is a proper venue, then the court must weigh the relative public and private factors of the current venue against the transferee venue. *Id.* In making such a convenience determination, the court considers several private and public interest factors, none of which are given dispositive weight. *Id.* The private interest factors include: "1) the relative ease of access to sources of proof; 2) the availability of compulsory process to secure the attendance of witnesses; 3) the cost of attendance for willing witnesses; and 4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Nintendo*, 589 F.3d at 1198; *see Genetech*, 566 F.3d at 1342; *TS Tech.*, 551 F.3d at 1319; *Volkswagen II*, 545 F.3d at 315. The public interest factors include: "1) the administrative difficulties flowing from court congestion; 2) the local interest in having localized interests decided at home; 3) the familiarity of the forum with the law that will govern the case; and 4) the avoidance of unnecessary problems of conflict of laws in the application of the foreign law." *Id.* It is well established that "the interest of justice" is an important factor in the transfer analysis. *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591,

593–94 (N.D. Tex. 2003) (Kaplan, M.J.) (citing *In re Medrad, Inc.*, 1999 WL 507359, *2 (Fed. Cir. 1999)).

### B. Application of the Law to the Facts

Plaintiff Kirsch is a California LLC with its principal place of business is in Simi Valley, California. The licensee, Kirsch Building Products, LLC, through which Plaintiff Kirsch manufactures and sells its patented roof underlayment products, is also based in California. Defendant GAF is a Delaware LLC with its principal place of business in Parsippany, New Jersey.

Before considering the private- and public-interest factors as well as the question of whether a transfer is in the interest of justice, the Court must determine the threshold issue of whether this case could have originally been brought in the transferee court, here the District of New Jersey. Any proposed transferee court must have subject matter jurisdiction and personal jurisdiction over the defendant. The District of New Jersey has subject matter jurisdiction over Plaintiff Kirsch's patent claims under 8 U.S.C. §§ 1331 and 1338(a). There is personal jurisdiction over Defendant GAF in the District of New Jersey because its headquarters is located in New Jersey. Venue is proper in patent cases where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business. 28 U.S.C. § 1400(b). Since Defendant GAF is headquartered in New Jersey and sells the Accused Products nationally, including in New Jersey, venue is proper in the District of New Jersey. Having found that this case could have originally been brought in the

4

District of New Jersey, the Court must now evaluate the potential transfer against the private- and public-interest factors to determine whether a transfer is appropriate.

### 1. Private Interest Factors

The first private factor is the relative ease of access to sources of proof. "In patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *Genetech*, 566 F.3d at 1345 (quoting *Neil Bros. Ltd. v. World Wide Lines, Inc.*, 425 F. Supp. 2d 325, 330 (E.D. N.Y. 2006)). Defendant GAF asserts that all its relevant documentary evidence is located at its headquarters in the District of New Jersey. Plaintiff Kirsch does not dispute that its relevant documentary evidence is also located outside of this District. Plaintiff Kirsch argues that this factor is not given much weight in the analysis, particularly considering electronic discovery trends. Although the convenience of electronic discovery may diminish concerns associated with location of evidence, it does not negate or eliminate the consideration of this factor in a section 1404(a) transfer analysis. *Radmax*, 720 F.3d at 288; *see also Volkswagen II*, 545 F.3d at 316 (stating that the standard is "relative ease of access, not absolute ease of access" and finding this factor weighed in favor of transfer to a venue where documents were physically kept). Plaintiff Kirsch also contends that there may be relevant documentary evidence at Defendant GAF's sales office in Ennis, Texas; however, Defendant GAF asserts that no relevant evidence is in the Ennis sales office and that the Accused Products have not been made or developed in that office or

5

anywhere else in Texas. Because there is no known documentary evidence that originated in this District and all Defendant GAF's documentary evidence is in the District of New Jersey, the Court finds the first factor of relative ease of access to sources of proof favors transfer.

The second factor the Court must consider is the availability of compulsory process or subpoena power to secure the attendance of unwilling witnesses. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947); *Volkswagen II*, 545 F.3d at 315. Under Federal Rule of Civil Procedure 45, federal courts may enforce subpoenas issued to any witness for trial, hearing, or deposition within 100 miles of the place in which that witness resides, works, or regularly transacts business in person, or for a trial, anywhere within the state in which the witness works, resides, or regularly transacts business in person, provided that witness does not incur substantial expense. FED. R. CIV. P. 45(c)(1)(A)–(B).

"A venue that has 'absolute subpoena power for both deposition and trial' is favored over one that does not." *Thomas Swan & Co. Ltd. v. Finisar Corp.*, Case No. 2:13-CV-178-JRG, 2014 WL 47343, *3 (E.D. Tex. Jan. 6, 2014) (quoting *Volkswagen II*, 545 F.3d at 316). "The [c]ourt gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum." *U.S. Ethernet Innovations, LLC v. Samsung Elecs. Co.*, No. 6:12-CV-398 MHS-JDL, 2013 WL 1363613, at *3 (E.D. Tex. Apr. 2, 2013). Courts consider the current employees of a party to be willing witnesses, so their locations are not

persuasive in the analysis for this factor. *See Rosemond v. United Airlines, Inc.*, No. H-13-2190, 2014 WL 1338690, *3 (S.D. Tex. Apr. 2, 2014); *Net Nav. Sys., LLC v. Cisco Sys., Inc.*, No. 4:11-CV-660, 2012 WL 7827544, at *4 (E.D. Tex. Aug. 24, 2012), *report and recommendation adopted,* No. 4:11-CV-660, 2013 WL 1309840 (E.D. Tex. Mar. 27, 2013).

This second private-interest factor weighs slightly in favor of transfer. Defendant GAF asserts that a former employee who worked on testing the Accused Products is based in New Jersey and may have relevant information for this case. Plus, one of Plaintiff Kirsch's third-party producers of its patented products is located in New Jersey. Plaintiff Kirsch rebuts that both the former GAF employee and its New Jersey based producer will not be key witnesses, so Defendant GAF's argument is not ironclad. Plaintiff Kirsch also vaguely contends that there may be third-party witnesses from the Houston office of Defendant GAF's third-party supplier. Defendant GAF, however, denies that any third-party witnesses would come out of the third-party supplier's Houston office because all of Defendant GAF's relations with the third-party supplier occur in South Carolina and Canada. Plaintiff Kirsch fails to specifically identify anyone in the third-party supplier's Houston office who would have any relevant information to this litigation; such vagueness receives less weight in the transfer analysis. Because there are identified, potential third-party witnesses in New Jersey, and none identified in this District, this factor weighs slightly in favor of transfer.

The third private-interest factor the Court must consider is the cost of attendance for willing witnesses, which "is probably the single most important factor in the transfer analysis." *Genetech*, 566 F.3d at 1343 (quoting *Neil Bros. Ltd.*, 425 F. Supp. 2d at 329). The inconvenience to witnesses increases with the additional distance to be traveled, including additional travel time, meal, lodging expenses, and time away from their regular employment. *Volkswagen I*, 371 F.3d at 205. The Court must also consider the personal costs associated with being away from work, family, and community. *In re Acer America Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010), *cert denied*, 131 S. Ct. 2447 (2011) (citing *Volkswagen II*, 545 F.3d at 317).

The District of New Jersey is the more convenient forum for willing witnesses because no likely witnesses are in Texas. Defendant GAF asserts that its likely witnesses are located in New Jersey, which is over 1,500 miles from this District. Defendant GAF's employees would incur great expense if the case was not transferred. None of Plaintiff Kirsch's witnesses appear to reside in this District; Plaintiff Kirsch's principal and employees allegedly reside in California and will have to travel regardless of whether the case is in this District or New Jersey. There may be relevant witnesses among Defendant GAF's three third-party suppliers, but none is based in this District. Two of the third-party suppliers are based in Richmond, Virginia and Ontario, Canada, both of which are closer to New Jersey. One supplier is based closer to Texas, but the primary contact, who would be the likely witness, is based in Vancouver, Canada. Similarly, potential third-party witnesses who may have information relating to

8

Plaintiff Kirsch's Asserted Patents are not located in Texas. Rather, Plaintiff Kirsch's patented products are allegedly manufactured by third parties based in Succasunna, New Jersey; Attleboro, Massachusetts; Williamston, South Carolina; Newburyport, Massachusetts; and Seabrook, New Hampshire. Therefore, this factor favors transfer.

The fourth private-interest factor is "all other practical problems that make trial of a case easy, expeditious, and inexpensive." *Volkswagen II*, 545 F.3d at 315. The Federal Circuit has recognized that this factor includes judicial economy. *Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Having filed five lawsuits against different defendants in this District (and many others across the country) concerning the same two patents, Plaintiff Kirsch contends that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *Volkswagen II*, 566 F.3d at 1351. Taking the existence of other the lawsuits into consideration, the Court will not allow the separately filed cases to sway its analysis under these circumstances. Since Plaintiff Kirsch filed the five lawsuits in this District, two cases have transferred by agreement from this District, and the remaining cases do not even have Texas based parties. Allowing a plaintiff to manipulate venue by serially filing cases in one district would undermine the principals underpinning transfer law. *GeoTag, Inc. v. Starbucks Corp.*, No. 2:10-CV-572, 2013 WL 890484, at *6 (E.D. Tex. Jan. 14, 2013). The Court does not find that transferring this case would diminish judicial economy. To the Court's knowledge, Plaintiff Kirsch has similar cases concerning the Asserted Patents

9

pending in districts such as the Central District of California, the Eastern District of Pennsylvania, the Northern District of Ohio, the Eastern District of Texas, and the Western District of Texas. Because none of these cases has the same defendant or same accused products and because each case is in its infancy, the Court finds that this factor is neutral. *See Genetech*, 566 F.3d at 1347.

### 2. Public Interest Factors

The first public-interest factor is administrative difficulties flowing from court congestion. *Nintendo*, 589 F.3d at 1198. Defendant GAF argues that the District of New Jersey's median time for cases to reach disposition is faster than the Northern District of Texas. Plaintiff Kirsch counters that the District of New Jersey's average time to trial is over a year slower than this District. With regard to these statistics, the Court finds that their impact on how this case may progress in either district is at best speculative. The Court finds that this factor is neutral.

The second public-interest factor is whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 315. A local interest is demonstrated by a relevant factual connection between the events and the venue. *Leblanc v. C.R. England, Inc.*, 961 F. Supp. 2d 819, 832 (N.D. Tex. 2013) (Boyle, J.).

The District of New Jersey has the stronger local interest in this case. Defendant GAF contends that this factor favors transfer because all of Defendant GAF's work relating to the Accused Products occurred at its headquarters in the District of New Jersey and because neither party is even based in Texas. Plaintiff Kirsch attempts to

argue that Defendant GAF's sales office in Ennis, Texas creates a localized interest in this District. The Court is unconvinced by this argument given that Defendant GAF thoroughly explained that the Ennis sales office does not make the Accused Products, and no individuals involved in the development of Accused Products have ever been based at that office or anywhere in Texas. The fact that Defendant GAF sells the Accused Products in Texas does not establish any actual local interest in this District because the Accused Products are sold nationally. *Cf. Volkswagen II*, 545 F.3d at 318 (explaining that interests that could apply to virtually any district or division in the United States due to nationwide sale of infringing products are disregarded in favor of particularized local interests). The fact that Defendant GAF also has a warehouse in Ennis that stores Accused Products similarly does not create a localized interest because it has warehouses across the country that perform the same function. The District of New Jersey is the venue where many of the witnesses and most of the evidence concerning the Accused Products is located, which gives the District of New Jersey more local interest in the case than this District. Therefore, the Court finds the local interest factor favors transfer.

The last two factors of the public interest analysis involve the respective court's familiarity with federal patent law, and whether there are any potential conflicts of law that would arise. Both parties agree that these two factors are neutral as courts in both districts are familiar with the law that will govern the case and there are no conflicts of law to avoid. The Court finds both the third and fourth public-interest factors neutral.

11

Taken together, the private- and public-interest factors weigh in favor of transfer. The first, second, and third private-interest factors weigh in favor of transfer, and the fourth factor is neutral. In evaluating the public interest, the factors of administrative difficulty flowing from court congestion, the respective courts' familiarity with applicable law, and potential conflicts of law are all neutral. The public-interest factor of local interest in deciding local controversies at home favors transfer. Having considered the private- and public-interest factors and the relative convenience of the parties and witnesses, the Court has determined that the factors favor transfer and that transfer is in the overall interest of justice.

### III. Conclusion

The Court has analyzed the private- and public-interest factors and the relative convenience of the parties and witnesses and finds that they weigh in favor of transfer. Because the Court finds the proposed transferee forum is more convenient and a transfer is in the interest of justice, the Court **GRANTS** Defendant GAF's Motion to Transfer to the District of New Jersey. The Court defers to the transferee court for ruling on the Motion to Stay and other pending motions. This case is hereby **TRANSFERRED** to the District of New Jersey.

**SO ORDERED.**

Signed September 30th, 2020.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE